**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                                    Criminal No. 7:22:CR:007-REW-002

KAYLA LAMBERT                                                DEFENDANT

**SENTENCING MEMORANDUM**

Defendant, KAYLA LAMBERT submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for February 21, 2024 at 10.30 a.m., in London, Kentucky.

The court in determining the particular sentence to be imposed and the need for a variance, shall consider the factors found at 18 U.S.C. § 3553(a). These factors include; the nature and circumstance of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care, or other correctional treatment in the most effective manner.

The defendant respectfully requests the court to sentence her to a minimum term of incarceration that is commiserate with her crime.

**BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE**

On or about April 28, 2022, the Grand Jury for the United States District Court for the Eastern Kentucky returned a multi count indictment against the Defendant, Kayla Lambert, charging the Lambert, with two counts of knowingly and intentionally conspiring to use an registration number belonging to

another individual in the course of distributing a controlled substance (Count 1); and knowingly conspiring with another person to unlawfully distribute and dispense prescriptions that were not issued for a legitimate medical purpose (Count 6). Kayla Lambert was acquitted of the remaining four counts (Counts 2-5).

The defendant, Kayla Lambert, appeared with counsel, on the 12th day of May 2022, for arraignment, via a summons, before U.S. District Judge, Edward Atkins and Lambert was released on her own recognizance. Finally, on the 13th day of September 2023, the Defendant, Lambert, appeared for a jury trial which lasted for seven (7) days. On September 21, 2023, the jury found Lambert "Guilty" as to Counts 1 and 6 of the Indictment at which time Lambert was immediately taken into custody and has remained in custody since that date.

The essential facts of the case are as follows: Kayla Lambert is an individual who was born and raised in Pike County, Kentucky; her family still resides in Pike County; Lambert was a low-level employee in the practice of Dr. Crystal Compton, making $9-$11.00 per hour, in fact, she was a holdover employee of the previous owner of the practice; Lambert completed a training course and obtained her LPN license in which she maintained for the duration of her employment with Dr. Compton; when Dr. Compton took over East Kentucky Medical Group, Lambert was the front desk receptionist and LPN for the practice; and, upon leaving Dr. Compton's practice, Lambert went on to further her education and obtained her RN license.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Kayla Lambert has worked her entire life to better herself and to make a good living to provide for her family. She has many trusted friends and colleagues, some of whom have written letters on her behalf. She has grown professionally over the last ten (10) years and has achieved many goals. She is a

family-oriented, compassionate person who enjoys taking care of people and making the life of others better. Lambert's biggest mistake was taking over the caretaker role for Dr. Compton. Lambert was not one say "no" or to turn anyone away in need of her help and unfortunately this characteristic attributed to her role in the conspiracy between the Defendants. The reality is, Lambert became too attached to Dr. Compton and trusted her beyond measure, which ultimately led to her role in this matter. Lambert never set out to have any role in the actions of Dr. Compton, however, she admits to making the choice to participate.

The need for the sentence to promote respect for the law and to provide just punishment can be attained by the Court by sentencing Lambert to the minimum term of incarceration.

### THE DETERRENCE FACTOR – GENERAL AND SPECIFIC

The Pre-Sentence Report placed Defendant Lambert in the Criminal History Category of I, which means she has one (1) criminal history point for a minor theft charge. Lambert has no other criminal history. Lambert has learned her lesson and regrets being a part of this matter.

### JUDICIARY SENTENCING INFORMATION CALCULATIONS

Kayla Lambert's, Total Offense level falls to 36, and her Criminal History category falls at Category I. With these numbers, her guideline sentence falls from 188 to 235 months.

### DEFENDANTS PENDING OBJECTIONS

The Defendant specifically reiterates Lambert's specific objections to the PSI below.

₱ 7  Kayla Lambert was not a registered nurse at any time during her employment with the practice of Dr. Compton.

₱ 7 Lambert always kept her own residence. She did not reside, on a permanent basis, with Dr. Compton.

₱ 9 Lambert at no time had a supervisory position. She was an LPN and receptionist.

₱ 10 Lambert was found not guilty of all charges related to Sarah Brown's DEA number.

₱ 12-13 It was never determined by testimony when the quantity of pills was illegally prescribed. The number testified to was on the number prescribed. All witnesses testified that some of their prescriptions were written after being given a thorough exam and diagnostic testing. In addition, testimony supported the fact that Lambert was off work for a substantial period due to her own injuries and medical treatment. This was the time that most of these prescriptions were written.

₱ 28 Lambert was not responsible for the prescribing of any medications. The amount listed in this paragraph is not an accurate representation of the amount of illegally prescribed controlled substances.

₱ 31 Lambert was a low-level employee of the medical practice. She had no supervisory role. She was not a Registered Nurse while employed by Dr. Compton. An LPN is a basic certification and is not considered in the Sentencing Guidelines or any supporting documentation as a role of private trust. Lambert does not meet any of the requirements for this enhancement.

₱ 36 Lambert should not be at Total Offense Level 36. She was not in a role of private trust; therefore, two points should be deducted. In addition, her role in the conspiracy was minimal at best. Lambert should receive the four-point deduction pursuant to USSG, § 3B1.2, 18 U.S.C.A. § 3B1.2. Mitigating Role Currentness Based on the defendant's role in the offense. Therefore, at most Lambert should be at level 30 in category 1, with a range of 97-121 months.

## THE COURT SHOULD GRANT A DOWNWARD VARIANCE

Lambert is not a career criminal. She is not a danger to the public. She is a person who made a mistake and was misled by those who had authority over her. She is the classic defendant for a downward variance.

## CONCLUSIONS

The Defendant, Kayla Lambert, would respectfully ask the court that he make a recommendation to the Bureau of Prisons that she be housed as close to Pikeville, Kentucky as possible.

WHEREFORE, we would respectfully submit that the court grant defendant Lambert a downward variance and sentence her to a term of incarceration, followed by a term of three years supervised release or probation, which is no more than necessary to promote respect for the law, yet at the same time be a deterrent for future criminal behavior.

Respectfully Submitted,

By: /s/ Ron Diddle
Hon. Ron Diddle
**Ron Diddle, PLLC**
137 Pike Street – P. O. Box 330
Pikeville, Kentucky 41501
(606) 218-2888 – *Telephone*
(606) 657-0333 – *Facsimile*
Kentucky Bar # 93090
*Counsel for Defendant, Kayla Lambert*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 16th day of February, 2024, a true and correct copy of the foregoing **SENTENCING MEMORANDUM and EXHIBITS** was electronically filed with the Clerk of this Court using the CM/ECF system, and notification was served via electronic dissemination from said CM/ECF filing upon all counsel of record.

/s/ Ron Diddle
Hon. Ron Diddle
*Counsel for Defendant, Kayla Lambert*